ALVAREZ *v*. ESTATE OF CHAVIER.

APPEAL from the District Court of Ponce.

No. 136.—Decided June 25, 1907.

ALLEGATIONS — DEMURRER — CAUSE OF ACTION — UNRECORDED TITLES — THIRD PARTIES.—Allegations to the effect that the plaintiff is the owner of the property sought to be recovered and in regard to which he prays for the annulment of execution proceedings against the same, that he acquired his property by public deed executed by a third person claiming to be the owner thereof, are sufficient to constitute a cause of action, and the fact that it appears from the complaint that plaintiff's title has not been recorded is not sufficient to warrant the dismissal of the complaint upon the ground that plaintiff has no cause of action under the provisions of article 389 of the Mortgage Law, which is applicable only where it is sought to present to the court an unrecorded title to the prejudice of a third party—that is to say, a person with a previously recorded title—and in the case at bar, it has not been shown that the defendant stands in that position.

ID.—CLAIMS OF A THIRD PARTY WITH RESPECT TO PROPERTY LEVIED UPON—JURISDICTION.—The application of the provisions of sectoin 247 of the Code of Civil Procedure in an action to recover property and vacate an order of execution against the same, cannot be considered on general demurrer, because if the defendant desires to attack the complaint under the said provisions, he must allege want of jurisdiction.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This suit was brought in the District Court of Ponce to recover the title to a coffee plantation of 607 acres, and to

vacate an execution which had been levied upon it, and in the meantime to suspend the sale which was about to take place under the execution. The complaint was filed on the 10th of November, 1906, and summons served on the 20th of the same month. On the 27th of that month a general demurrer was presented, which was sustained on the 6th of March last. The court, in sustaining the general demurrer makes reference to article 247 of the Code of Civil Procedure, and to article 389 (*sic*) of the Mortgage Law, holding that the complaint did not set forth facts sufficient to constitute a cause of action, and that there was no ground for an injunction, and vacating the temporary restraining order theretofore issued, and condemning the plaintiff to pay the costs.

From this judgment the plaintiff took an appeal to this court, and asks for a reversal of the judgment. In his complaint he sets forth that he is the owner of the 607 acres of land described therein, and was such owner prior to the levy of the execution upon it, holding the same under a deed of conveyance from Doña Nicolasa Bosch, widow of Giráldez, who received the land in the partition of her husband's estate. He further states that he acquired the land by virtue of a written public document which had not been recorded, and the date of which could not be given at the moment, because the same was inaccessible.

Article 389 of the Mortgage Law reads as follows:

"From the time this law goes into operation, no document or instrument which has not been recorded in the registry shall be admitted in the ordinary or special courts or tribunals, in the councils or offices of the Government, by which interests subject to record are created, conveyed, acknowledged, modified, or extinguished, according to the same law, if the object of the presentation be to enforce, to the prejudice of third persons, the interests which should have been recorded.

"Notwithstanding the provisions of the preceding article, the document which has not been recorded, but which should have been, may be admitted to the prejudice of third persons, if the object of the presentation be only to corroborate another subsequent instrument which had been recorded.

"This document may also be admitted, if it is presented to demand a declaration of nullity and consequent cancellation of some entry which prevents the record of said document."

This article is not applicable to the present case, because the plaintiff has not presented to the court any document that had been admitted to record and should have been rejected, and moreover it does not appear that the defendant, as regards the plaintiff, should be considered as a third person. In the case of *Pedro Auffant* v. *Raimundo Valdecilla and others,* decided on the 24th of July, 1900, this court said:

"According to the doctrine of the sentences of the Supreme Court of Madrid of the 17th of May and the 12th of December, 1898, a party may be considered as a third person within the meaning of sections 23, 25 and 27 of the Mortgage Law only when he has previously recorded his title upon the estates or interests which are the object of the suit, and section 389 of said law, which prescribes that titles which should be recorded, but have not been recorded, should not be admitted by the courts, is applicable only to such titles as may prejudice third persons within the meaning which this phrase has for the purposes of our mortgage system." (Sentencias de Puerto Rico, p. 304.)

According to this doctrine it is plain that the defendant cannot be considered as a third person until it may have been proven to the satisfaction of the court that he has recorded in the register of property some real title covering the property in question. So far no evidence whatever appears in the record which tends to sustain this point.

In regard to article 247 of the Code of Civil Procedure, which it is unnecessary to quote, it may be said that we cannot consider the application of that article under the discussion of a general demurrer. If it had been intended by the appellee to urge this point, his pleading should have been directed to the jurisdiction of the court, and he should not have relied on a general demurrer only.

The section cited does not justify the action of the court below in sustaining the general demurrer, to the plaintiff's petition.

'In our opinion the allegations in the petition, especially where it is said that the plaintiff is the owner of the land in question, and received it under a public instrument executed by one claiming to be the owner of it, is sufficient to sustain his cause of action against the assaults of a general demurrer.

For the reasons stated, the judgment of the District Court should be reversed, and the cause remanded in order that the suit may progress in accordance with this opinion.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.